## TEXAS CO. v. WYLIE.

### No. 3531.

Court of Civil Appeals of Texas. El Paso.

April 22, 1937.

Rehearing Denied May 13, 1937.

440

Harrison, Scott & Rasberry, of El Paso, for appellant.

J. E. Quaid, of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

A number of issues were submitted which should not have been submitted. The right of Wylie to recover was controlled by the plain and unambiguous terms of the written contracts unless those contracts were later modified by mutual agreement. The only issues which should have been submitted were those relating to the alleged agreed modification of the original contracts so as to reduce the commission for the sale of Green-Lite gasoline from three cents to one cent a gallon. These issues were found in Wylie's favor and the evidence amply sustains such findings.

Wylie is not suing to recover back voluntary overpayments made by him upon the purchase price of Green-Lite gasoline sold and delivered to him by appellant. There was no relationship of vendor and purchaser between the parties. The title to all of the products delivered to Wylie remained in appellant until sold by Wylie. The title passed from the company to the purchasers. Wylie was a mere agent or employee of the appellant.

For this reason all of appellant's propositions are overruled which are founded upon the assumption that Wylie is suing to recover back voluntary overpayments made by him upon the purchase price of the Green-Lite gasoline.

Propositions 6 and 7 are without merit because they are controlled by the plain terms of the written contracts.

The admission of certain testimony by Wylie complained of in the eighth and nineth propositions presents no reversible error. For the reasons heretofore stated, it related to issues which were immaterial, and which should not have been submitted to the jury.

The evidence presents no issue of an accord and satisfaction, for which reason all propositions are overruled relating to accord and satisfaction.

If the original contracts, by mutual agreement, were not modified so as to reduce the commission for the sale of Green-Lite gasoline from three to one cent, and it was found there was no such agreement, then this is simply a case of a wrongful refusal on the part of appellant to pay the compensation agreed to be paid Wylie for services rendered.

Affirmed.